# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-22399-CIV-SEITZ/TURNOFF

SHANNON DAWSON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER ADOPTING REPORT IN PART AND GRANTING MOTION TO CORRECT SENTENCE

THIS CAUSE is before the Court on the Report and Recommendation of Magistrate Judge [DE 17]. In that Report, Magistrate Judge Turnoff recommends granting Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [DE 1]. Movant argues his sentence should be vacated based on the U.S. Supreme Court's recent decision in *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague). The Report found that Movant is not procedurally barred from asserting a *Johnson* claim and is entitled to relief under *Johnson*. The Government filed objections [DE 20] to the Report, Movant filed a Response [DE 21], and the Government filed a Reply [DE 24]. The Government also filed a Notice [DE 25] regarding recent developments in the law, the Movant filed a Response [DE 26] and the Government filed a Reply [DE 27].

The Court has reviewed the record *de novo* and adopts in part the Report in finding that the Movant is not subject to a procedural bar to bring his claim forward and in finding that Movant is entitled to relief. The Court, however, respectfully declines to adopt the Report in its analysis of the Movant's claim under *Johnson* on the merits. For different reasons than those set

forth in the Report, the Court finds that the Movant is entitled to relief under *Johnson* and his sentence should be vacated.

## BACKGROUND

### I. Initial Sentencing

On April 6, 2006, a grand jury returned an indictment charging Movant with the following counts: Count 1 – Possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); Count 2 – Possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); Count 3 – Possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(b)(1)(D); Count 4 – Possession of a firearm during and in relation to a drug trafficking crime, and possession of a firearm in furtherance of a drug trafficking crime (Counts 1, 2, 3) in violation of 18 U.S.C. § 924(c)(1)(A); and Count 5 – Possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e). [CR-DE 1[1]]. On August 21, 2006, the jury returned a guilty verdict on all five counts. [CR-DE 69].

In November 2006, the Probation Department issued the Presentence Investigation Report ("PSR") to assist the Court with sentencing. The PSR increased the Movant's offense level from "26" to "37" after finding that Movant qualified for an enhanced sentence as a Career Offender under Sentencing Guideline § 4B1.1 and as an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA).[2] (PSR ¶¶ 13, 19). The PSR based this qualification on the following predicate offenses: (1) armed robbery and possession with intent

---
[1] There are two dockets related to Dawson v. United States of America. References to the underlying criminal case (No. 06-20207) will be cited as [CR-DE_].
[2] Before applying any enhancements, Defendant faced a guideline range of 120 to 150 months (including a minimum ten years for Count 2) followed by a mandatory consecutive sentence of five years of imprisonment on Count 4, yielding a total of 180 to 210 months. [DE 1]. If Defendant is solely enhanced as a Career Offender, the guideline range in the PSR remains 360 months to life. However, the Court may depart from this range pursuant to *United States v. Booker*, 543 U.S. 220 (2005).

2

to sell or deliver cocaine on February 19, 1999; and (2) two convictions for battery on a law enforcement officer ("BOLEO")[3] on October 10, 2001. (PSR ¶ 19, 34-35). The enhancement rendered a guideline range of 360 months to life, followed by a mandatory consecutive sentence of five years on Count 4, for a total range of 420 months to life. (PSR ¶ 21). The PSR provided a description of the facts underlying the Movant's predicate convictions which the Movant did not object to in writing or at his sentencing hearing.

The Court sentenced the Movant to 420 months and eight years of supervised release on November 28, 2006. [CR-DE 79]. The Court disagreed with the disparity under the sentencing guidelines between powder and crack cocaine, but imposed a sentence in line with the guidelines at that time. [CR-DE 99]. The Court also noted that the PSR set forth the Movant's qualifying predicate offenses for "career offender" purposes. Although the Court listed the Movant's predicate qualifying offenses, it made no findings as to whether these offenses qualified under the elements, enumerated, or residual clause of the ACCA. The Court referred to Movant's "gun enhancement," but not to any specific clause of the ACCA. [CR-DE 99].

## II.    Appeal and Re-sentencing

On December 1, 2006, the Movant filed an appeal in the Eleventh Circuit. [CR-DE 81]. The Eleventh Circuit affirmed the denial of the Movant's request for a new trial on January 24, 2008. *United States v. Dawson*, 266 F. App'x 810, 813-14 (11th Cir. 2010). However, the Eleventh Circuit vacated the Movant's sentence and remanded the matter for re-sentencing, pointing out that judges had discretion to depart from the crack/powder disparity under *Kimbrough v. United States*, 552 U.S. 85 (2007). *See id.* The Court held a re-sentencing hearing

---

[3] The Movant was charged under Fla. Stat. §§ 784.03 and 784.07. Florida's simple battery statute, § 784.03 is enhanced under § 784.07, from a misdemeanor to a felony when committed against a law enforcement officer.

3

on April 8, 2008, at which it decreased the sentence to 240 months imprisonment for all counts.[4] [CR-DE 126]. The Movant did not appeal this sentence.

### III. Previous 2255 Claim

On April 3, 2009, Movant filed his first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, where he asserted claims related to his trial proceedings.[5] The Movant argued that his prior conviction for BOLEO no longer qualified as a "violent felony" for ACCA purposes under *United States v. Curtis Johnson*, 559 U.S. 133 (2010) (holding that battery was not a categorically "violent felony" under the ACCA because it could be accomplished by a mere unwanted touching).[6] Relying on the facts in the PSR, the Magistrate Judge found that the Movant's BOLEO conviction constituted a violent felony under the residual clause of the ACCA. [CV-DE 31 at 8]. The Court affirmed and adopted the Magistrate Judge's Report. [CV-DE 43]. Movant appealed to the Eleventh Circuit. On December 18, 2014, the Eleventh Circuit affirmed this Court's decision and rejected the Movant's claims that he was improperly sentenced as an Armed Career Criminal. [CV-DE 68].

### IV. Current 2255 & Report

On June 22, 2016, the Movant filed a successive Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. [DE 1]. The Movant petitioned the Eleventh Circuit for leave to file a second or successive motion to vacate pursuant to 28 U.S.C. § 2255. [DE 8]. On July 28, 2016, the Eleventh Circuit found that the Movant had presented a *prima facie* case showing that his ACCA

---

[4] The sentence currently consists of: 180 months as to Count 1, 2, and 5; 120 months as to Count 3 (to run concurrently). Additionally, the Court imposed a sentenced of 60 months as to Count 4, to run consecutive to the sentence imposed on Counts 1, 2, 3, and 5.
[5] The docket entries Section III refer to the first § 2255 claim, Case No. 09-CV-20866-PAS. In Section III, to differentiate the first habeas from the case at hand, the docket entries use [CV-DE _.] when referring to the first habeas petition.
[6] To avoid confusion, the Court will refer to *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015), as *"Johnson"* and will refer to *United States v. Curtis Johnson*, 559 U.S. 133 (2010), as *"Curtis Johnson."*

4

claim fell within the scope of the new substantive rule in *Johnson*. The Movant was given leave to file a second § 2255 motion challenging his ACCA enhancement.[7]

The Movant asserts his sentence is no longer subject to the ACCA enhancement because his BOLEO conviction no longer qualifies as a predicate offense under *Johnson*. [DE 1]. The Government contends that the Movant procedurally defaulted on his present claim by failing to argue at his sentencing hearings or on direct appeal that the ACCA's residual clause was unconstitutional on vagueness grounds, and that the Movant failed to meet his burden of establishing that this Court relied on the ACCA's residual clause to find that his prior BOLEO conviction qualified as a predicate offense for ACCA purposes.

The Magistrate Judge issued the Report and Recommendation granting the Motion, finding the Movant is not procedurally barred from bringing his claim forward and is entitled to relief under *Johnson*. [DE 17]. The Government, in its Objections and Reply, maintains that Movant is procedurally barred from bringing the claim and fails to meet the required burden of proof for a *Johnson* claim. [DE 20, 24].

## DISCUSSION

### I. Movant's *Johnson* claim is not procedurally barred.

As a threshold matter, the Court must address whether the Movant's claim is properly before the Court. Generally, a Movant is procedurally barred from raising a challenge to his conviction or sentence for the first time in his § 2255 petition if he could have raised the challenge on direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). Movant can avoid the procedural bar by showing "both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Id.* at 168. The Report

---

[7] The Eleventh Circuit also found that the Movant failed to meet his burden as to his career offender claim. Thus, his request to file a successive § 2255 motion challenging his guideline career-offender enhancement was denied.

found that Movant established both cause and actual prejudice and therefore is not procedurally barred from bringing his claim. For the reasons discussed below, the Court affirms and adopts the Report's legal reasoning in determining Movant is not procedurally barred from bringing his claim forward.

### A. Movant Has Shown Cause

In determining Movant has shown cause, the Report found that Movant's requested relief relied on a new constitutional law set forth in *Johnson* that was not readily available to counsel. The Government objects that the Magistrate Judge "relied heavily on the reasoning in two district court opinions previously rejecting the government's argument on this issue." [DE 20] (referring to *Duhart v. United States*, 2016 WL 4720424 (S.D. Fla. Sept. 9, 2016) and *Simmons v. United States*, 2016 WL 4536092 (S.D. Fla Aug. 8, 2016)). The Government also stated it had nothing more to add to its procedural default argument and simply renewed its initial argument. [DE 20]. Local Magistrate Judge Rule 4(b) indicates that written objections shall specifically "identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections and supporting legal authority." S.D. Fla. L.R. 4(b). The Government provides no legal authority to support its objection to the Report that the Magistrate Judge used two cases that rejected the Government's arguments. Additionally, the Government's initial argument was already reviewed by the Magistrate Judge prior to finding that Movant had shown cause. Therefore, this objection is overruled.

### B. Movant Has Shown Actual Prejudice

The Report found that the Movant has shown actual prejudice because he is serving an enhanced sentence that should not have been enhanced under the ACCA. In a separate part of the Report, the Report mentions that the Government conceded that if Movant were sentenced

today, he would no longer qualify for the enhancement.[8] In its objections, the Government explains it initially conceded that Movant would not qualify for the enhancement at the time of its filing because BOLEO was no longer considered to be a categorically violent felony and asserts that BOLEO qualifies today as a predicate crime for ACCA purposes.[9]

However, regardless of the Government's concession, the Movant has demonstrated actual prejudice. To demonstrate prejudice, the Movant "must shoulder the burden of showing, not merely that the errors at his trial [or sentencing] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions." *Brown v. U.S.*, 720 F.3d 1316, 1333 (11th Cir. 2013) (quoting *Frady*, 456 U.S. at 170). Thus, Movant must show that there is a reasonable probability that but for the error, his sentence would have been different. *See Mincey v. Head*, 206 F.3d 1106, 1147 (11th Cir. 2000) (holding that the showing of prejudice necessary to overcome a procedural default is the same showing of prejudice required by *Strickland*). Moreover, erroneously sentencing a defendant under ACCA results in "actual prejudice" because it "affect[s] the defendant's substantial rights and seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Mays v. U.S.*, 817 F.3d 728, 737 n.12 (11th Cir. 2016) (citations omitted). Such an illegal sentence warrants habeas relief. *Mays*, 817 F.3d at 737 n.12. Here, Movant is prejudiced by serving an enhanced sentence that should not have been enhanced under the ACCA. As such, Movant has shown actual prejudice. Therefore, the Government's objection is overruled.

---

[8] The Report mentions the concession is "important to note" in its summary of arguments. However, the Report does not mention the Government's concession in its analysis of determining whether there has been a showing of cause and actual prejudice. However, for completeness, the Court will consider the Government's objections in its review of the actual prejudice analysis.

[9] The government relies on an initial opinion in *United States v. Green*, 842 F.3d 1299 (11th Cir. 2016), that has since been vacated and substituted with a new opinion that has removed the relevant portion of the discussion.

## II. Movant is Entitled to Relief under *Johnson*

### A. The ACCA Analysis

Under ACCA, a defendant who is convicted of being a felon in possession of a firearm is subject to a 15-year mandatory minimum sentence if he has three prior convictions for a "violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). A "violent felony" is any crime punishable by imprisonment for a term exceeding one year that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; (2) is burglary, arson, or extortion, involves use of explosives; or (3) otherwise involves conduct that presents a serious potential risk of physical injury to another. The third clause, known as the "residual clause," was found by the Court in *Johnson* to be unconstitutionally vague and to violate due process. *Johnson*, 135 S. Ct. at 2563. Here, the parties disagree over whether Movant's previous conviction for BOLEO qualifies as a predicate offense for ACCA purposes. BOLEO is not one of the listed enumerated offenses in ACCA. Therefore, the only inquiry at hand is whether, based on the language of the statute of the Movant's state conviction, Movant's sentence was enhanced based on the ACCA's first clause, known as the "elements clause."[10]

---

[10] The Report and parties apply the incorrect analysis on the merits of the Movant's claim. The "clear-unclear test" articulated in *In re Rogers* serves as a gatekeeping function to evaluate whether a Movant may bring a successive Johnson-based § 2255 motion forward. *See In re Rogers*, 825 F.3d 1335 (11th Cir. 2016). This test allows the Eleventh Circuit to deny a successive § 2255 motion when it is clear that the motion does not contain a *Johnson* claim. This is the case when: (1) the sentencing court record demonstrates that the sentencing court specifically identified three prior convictions as qualifying as ACCA predicates under the elements or enumerated crimes clauses, or based on the "serious drug offense" provision of the ACCA, or (2) under binding precedent, it is clear that the prior convictions the sentencing court identified categorically qualify as ACCA predicates under the elements or enumerated crimes clauses, or alternatively, the ACCA's "serious drug offense" provision. *See In re Rogers*, 825 F.3d at 1338-39. In performing the clear-unclear test, the dicta in *Moore* and *Chance* provide differing guidance on whether a Movant has satisfied his burden of proof if a record is silent as to which clause of the statute was relied on by the sentencing court. *See In re Chance*, 831 F.3d 1335 (11th Cir. 2016); *In re Moore*, 830 F.3d 1628 (11th Cir. 2016). The Government relies on *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), to argue that the *Moore* standard should be adopted. In *Beeman*, the court stated that the clear-unclear test was inapplicable to the analysis because the court was evaluating an initial § 2255 application. *Beeman*, 871 F.3d at 1231 n.6. Here, the Eleventh Circuit has already certified Movant's successive § 2255 motion and determined his application may proceed based on a *prima facie* showing that he was previously sentenced, at least in part, in reliance on the residual

8

In determining whether a conviction qualifies as a predicate offense for ACCA purposes, the court applies a categorical approach. This analysis looks "only to the fact of conviction and the statutory definition of the predicate offense, rather than to the particular underlying facts." *Taylor v. United States,* 495 U.S. 575 (1990). "All that counts are the elements of the statute of conviction, not the specific conduct of a particular offender." *United States v. Davis,* 875 F.3d 592 (11th Cir. 2017) (citing *Mathis v. United States,* 136 S. Ct. 2243 (2016)). The court should presume that the conviction rested upon the "least of the acts criminalized by the statute." *Esquivel-Quintana v. Sessions,* 137 S. Ct. 1562 (2017). Then, the court needs to decide if in all instances a conviction "necessarily involves" proof of the element. *United States v. Estrella,* 758 F.3d 1239, 1245 (11th Cir. 2014) (citations omitted). If so, it qualifies as a violent felony and the inquiry ends there.

On the other hand, where a statute contains alternative elements, the underlying statute is considered divisible and a "modified categorical approach" is used. *See Descamps v. United States,* 570 U.S. 254, 260-61 (2013). To determine if a statute is divisible, a district court must determine whether alternatively listed items in the statute are "elements or means." *See id.* The court must determine whether the statute lists multiple, alternative elements, creating different crimes or merely enumerates various factual means of committing a single element. *See Mathis,* 136 S. Ct. at 2249.

---

clause. Further, the parties' unauthorized additional filings [DE 25, 26], which the Court has reviewed for completeness, focus on whether BOLEO was considered a violent crime under the elements clause at the time of Movant's sentencing. If there was clear binding precedent that the Movant's BOLEO conviction qualified as a violent felony under the elements clause, the Eleventh Circuit would not have certified Movant's successive motion under the rubric of the clear-unclear test. *See In re Rogers,* 825 F.3d at 1338-39. Therefore, because Movant's claim is successive and has been certified by the Eleventh Circuit, the clear-unclear test is not applicable and the Court will analyze Movant's claim on the merits. For the reasons set forth in this Order, the Court finds that the Movant has met the required burden of proof to show that he was sentenced under the residual clause.

In performing the divisibility "elements or means" analysis, courts may consider the plain language of the statute, and how state courts interpret their statutes. *See United States v. Howard*, 742 F. 3d 1342, 1326 (11th Cir. 2014) (citations omitted). Courts can also consider the indictment and jury instructions to determine if a statute contains elements or means. *See Mathis*, 136 S. Ct. at 2249. An indictment or jury instructions could show, by referencing one alternative term to the exclusion of all others, that each alternative is only a "possible means of commission, and not an element that the prosecutor must prove to the jury beyond a reasonable doubt." *See Mathis*, 136 S. Ct. at 2257. Additionally, jury instructions can signify if a jury was required to find one of the alternative elements beyond a reasonable doubt, or if the jury was not required to make a choice because the alternatives are simply *means* of committing the same crime. *See United States v. Lockett*, 810 F.3d 1262, 1267 (11th Cir. 2016).

If the language sets out alternative elements, the statute is divisible. *Descamps*, 570 U.S. at 257. If a statute is divisible, the modified categorical approach allows the court to use a limited class of documents to determine which of the multiple crimes listed in the statute was the basis for the conviction. *See id.* The modified categorical approach only allows a court to use these documents to determine which statutory phrase was the basis for conviction. *See id.* at 263. The modified approach retains the categorical approach's focus on the elements and not the facts of the underlying crime. *See id.* at 257-58. After identifying under which statutory phrase or crime the defendant was convicted, the court is required to determine "whether the *least* of the acts criminalized by that statutory phrase (instead of whether all of the acts criminalized by all of the statutory phrases) includes the use, attempted use, or threatened use of physical force against another person, as required by ACCA's elements clause." *Davis*, 875 F.3d at 598.

10

## B. Florida's BOLEO Statute is Divisible in Two Elements

The first inquiry in the Court's analysis is to determine if Florida's BOLEO statute is divisible. To determine if the statute is divisible, the Court must determine whether the statute lists alternative elements or means. *See Descamps*, 570 U.S. at 286. In making this determination, the Court may consider the plain language of the statute, how state courts interpret their statutes, the indictment, and the jury instructions. *See Mathis*, 136 S. Ct. at 2256-57. The Government argues that the statute is divisible based on the Eleventh Circuit's initial opinion, now vacated, in *United States v. Green*, 842 F.3d 1299 (11th Cir. 2016).[11] The initial *Green* decision relied on *Curtis Johnson* to find Florida's BOLEO statute divisible "because the elements of 784.03(1)(a) are disjunctive, and the prosecution can prove battery in one of three ways." *See Green*, 842 F.3d at 1322 (citing *Curtis Johnson*, 559 U.S. at 136). The Government relies on the phrase "three ways" in *Curtis Johnson* to presume that the Court meant the statute contained three elements, and not three means of proving battery.

While Movant is correct that federal courts are bound by state law when interpreting elements of state law crimes, Florida case law has not resolved this issue post-*Descamps*. The Movant provides Florida case law to show that battery may only be committed in "two ways." *See Jaimes v. State*, 51 So.3d 445, 449 (Fla. 2010); *State v. Weaver*, 957 So.2d 586, 587 (Fla. 2007); *State v. Hearns*, 961 So.2d 211, 213-14 (Fla. 2007); *Bryd v. State*, 789 So.2d 1169 (Fla. 3d DCA 2001). However, Movant's case law is pre-*Descamps* which was decided in 2013 and first provided the divisibility analysis. Likewise, the Government points to *Curtis Johnson*, another pre-*Descamps* case, to support its proposition that battery can be proven in three "ways."

---

[11] Although the initial opinion in *United States v. Green*, 842 F.3d 1299 (11th Cir. 2016), has since been vacated, the Court will consider the *Curtis Johnson* case in its analysis of the Government's objection.

11

Because the case law provided by both parties is pre-*Descamps,* it is not clear based on Florida law whether Florida's battery statute provides alternative means or elements.

The Court may also consider a plain reading of the statute. *See United States v. Howard,* 742 F.3d 1342, 1346 (11th Cir. 2014). A plain reading of the statute suggests that BOLEO is divisible in two elements, and that "touch or strike" represent alternative means of satisfying the first element.

Florida's BOLEO statute reads:

(1)(a) The offense of battery occurs when a person:
1. Actually and intentionally touches or strikes another person against the will of the other; or
2. Intentionally causes bodily harm to another person.

Fla. Stat. § 784.03 (2001).

The statute contains two numbered elements, indicating that there may only be two elements to satisfy the statute. Additionally, "touch or strike" are contained in the first element, showing that the first element may be satisfied upon a showing of either a "touch" or a "strike." Based on a plain reading of the statute, it appears that BOLEO is divisible in two elements.

The Court may also examine the indictment to determine the divisibility of Florida's battery statute. *See Mathis,* 136 S. Ct. at 2249. Both Count 1 and Count 2 charge the Movant with "actually and intentionally touching or striking said person against said person's will." This signifies that the first element of BOLEO is treated as its own crime that the prosecutor must prove to the jury beyond a reasonable doubt. If the Government only charged the first element to the Movant, the element is divisible from the second element of "intentionally causing bodily harm to another person." Furthermore, the indictment does not specify whether the Movant was

charged with "touching" or "striking," demonstrating again that "touch or strike" are alternative means within the first element.

The Court can also examine the jury instructions to determine if the statute is divisible. *See United States v. Lockett,* 810 F.3d at 1267. The jury instructions state:

To prove the crime of battery, the State must prove the following element beyond a reasonable doubt:

Give 1 or 2 as applicable.

1. Defendant intentionally touched or struck victim against his or her will.

2. Defendant intentionally caused bodily harm to victim.

Fla. Std. Jury Instr. (Crim.) 8.3.

The jury instructions, consistent with the indictment, show the jury is only required to find that the Movant "touched or struck the victim against his or her will" beyond a reasonable doubt. The jury is not asked to differentiate between "touching or striking." Because the Movant can be found guilty of the crime if the jury finds that he intentionally "touched or struck the victim against his or her will," this first element is divisible from the second. Additionally, because the jury is not required to make an additional finding of whether the Movant was guilty of "touching" or "striking," these represent alternative means of satisfying the first element of the offense. Therefore, upon review of the plain language of the statute, Florida case law, the indictment, and the jury instructions for Florida's battery statute, the Court finds that Florida's battery statute is divisible in two ways: (1) actually and intentionally touching or striking another person against the will of the other; or (2) intentionally causing bodily harm to another person.

### C. Modified Categorical Approach Shows Defendant Convicted Under "Actually and Intentionally Touching or Striking Another Person Against the Will of the Other" Element

Once a statute is found to be divisible, the court is required to apply the modified categorical approach to determine which element formed the basis of the conviction. *See Descamps*, 570 U.S. at 257-58. The modified categorical approach allows the court to look at certain documents, like the indictment, jury instructions, the terms of a plea agreement, a transcript of colloquy between the judge and defendant, some comparable judicial record of this information. *Shepard v. United States*, 544 U.S. 13, 26 (2005). Here, the Court will use the modified categorical approach to determine whether the defendant was convicted of "actually and intentionally touching or striking another person against the will of the other" or "intentionally causing bodily harm to another person."

The indictment signifies that the Movant was convicted of "actually and intentionally touching or striking another person against the will of the other." Both Count 1 and Count 2 charge the Defendant with "actually and intentionally touching or striking another person against the will of the other." The indictment makes no mention of the other element, "intentionally causing bodily harm to another person." Therefore, the Court finds that the indictment demonstrates the Movant was convicted of "actually and intentionally touching or striking another person against the will of the other."

The government objects on the grounds that the PSR shows that Movant struck—not simply touched—the police and therefore the conviction should qualify as a violent offense for ACCA purposes. However, even if the Court were to consider the facts in the PSR, the Court is only allowed to use the facts in the PSR to identify under which element of the statute Movant was convicted, and not go beyond that to explore the manner in which the Defendant committed the offense. *See Mathis*, 136 S. Ct. at 2256-57. The modified categorical approach, like the

categorical approach, is used to determine which element played a part in the defendant's conviction. *See Mathis,* 136 S. Ct. at 2253. The modified categorical approach is not meant to be "repurposed as a technique for discovering whether a defendant's prior conviction, even though for a too-broad crime, rested on facts that also could have satisfied the elements of a generic offense." *Mathis,* 126 S. Ct. at 2254. In this case, in keeping with the elements-based approach, the facts in the PSR that show that Movant "kicked and elbowed the officers" and "swung his elbow striking an officer in the chest" can only be used to find that the Movant was convicted of the battery statute's first element: "actually and intentionally touching or striking another person against the will of another." PSR ¶¶ 34-35.

### D. "Actually and Intentionally Touching or Striking Another Person Against the Will Of Another" Does Not Categorically Qualify as a Violent Felony

Once the Court has identified the element of the statute under which Movant has been convicted, the last step in the Court's analysis is to compare the language of that element to the generic language in the ACCA statute. *See Davis,* 875 F.3d at 598. Here, the Defendant was convicted of "actually and intentionally touching or striking another person against the will of another." Therefore, the Court must apply the categorical approach to that language to determine whether the least of the acts criminalized by the identified element includes the requisite "use, attempted use, or threatened use of physical force against another person" in ACCA's elements clause. *See Davis,* 875 F.3d at 598. The Court must presume that the conviction rested upon nothing more than the least of the acts criminalized. *Moncrieffe v. Holder,* 569 U.S. 184 (2013).

Here, the least culpable means of satisfying the element is the act of "touching." "Touching" does not constitute physical force. *Curtis Johnson,* 559 U.S. at 139. "Touching" requires the proof of only the slightest unwanted physical touch. *Id.* at 137. Thus, the element of

Florida's battery statute can be accomplished by any intentional physical contact, no matter how slight. *See id.* at 138. In turn, the "physical force" in ACCA's elements clause is "force capable of causing physical pain or injury to another person." *Id.* at 140. Thus, the least culpable means of satisfying this element, via mere touching, is not enough to satisfy the physical force requirement in ACCA's elements clause. *See id.* at 139. As a result, because the Court must presume that the conviction rested upon the least of the acts criminalized—a mere "touching"—and that act does not satisfy the physical force requirement of ACCA's elements clause, the Court finds that Movant's sentence, as a matter of law, could only have been predicated on ACCA's now-void residual clause.[12] Therefore, having carefully reviewed, *de novo,* Magistrate Judge Turnoff's Reports, the record, the Government's objections and the Movant's responses, it is

ORDERED THAT:

(1) The Report of Magistrate Judge Turnoff [DE 17] is **AFFIRMED AND ADOPTED IN PART.** The Report is affirmed and adopted in its:

   a. Analysis and finding that Movant's claim was not procedurally barred; and

   b. Finding that Movant is entitled to relief.

(2) The Court respectfully declines to adopt the Report's analysis of the Movant's claim on the merits.

(3) Movant's Motion for Relief Pursuant to § 2255 [DE 1] is **GRANTED.**

(4) Government's Objections [DE 20] are **OVERRULED.**

---

[12] It is noteworthy, as a matter of fact, that the undersigned was the sentencing judge in this case. The Court affirmed the Magistrate Judge's finding in the prior habeas that Movant had been sentenced under the residual clause as that was the Court's default practice at the time of sentencing.

(5) A resentencing hearing is set for **March 28, 2018 at 10:30 AM** in Criminal Case No. 06-20207. U.S. Probation shall update the Presentence Investigation Report.

(6) All pending motions not otherwise ruled upon in this Order are **DENIED AS MOOT.**

(7) This case is **CLOSED.**

DONE AND ORDERED in Miami, Florida, this 28 day of February, 2018.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

CC: Magistrate Judge Turnoff
All Counsel of Record
U.S. Probation